UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NYKA O'CONNOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-cv-02641 (EGS) |
| ) | |
| REDMOND BARNES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Plaintiff Nyka O'Connor, proceeding *pro se*, is a Florida state prisoner designated to Wakulla Correctional Institution, located in Crawfordville, Florida. He filed a Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), on October 6, 2021. On October 15, 2021, the Court denied the IFP application and dismissed the case without prejudice, subject to reopening upon Plaintiff's payment of the civil filing fee, because Plaintiff is barred from proceeding IFP in federal court pursuant to 28 U.S.C. § 1915(g), and he had failed to meet the "imminent-danger" exception to this prohibition. *See* Order, ECF No. 6, at 1–2 (citing *O'Connor v. Sec'y, Fla. Dep't of Corr.*, 732 F. App'x 768, 771 (11th Cir. 2018) (per curiam); *O'Connor v. Carnahan*, No. 3:09-CV-143, 2009 WL 1227906, at *1 (N.D. Fla. May 5, 2009)).

On November 19, 2021, Plaintiff filed a First Motion to Reopen Case, ECF No. 7, which was denied by Minute Order on November 29, 2021, because Plaintiff has failed to submit the filing fee. Shortly thereafter, Plaintiff submitted the filing fee and concomitantly filed a Second Motion to Reopen Case, ECF No. 8. Therefore, on January 25, 2022, the Second Motion to Reopen was granted, and on the same date, this matter was randomly assigned to this Court. Upon review of the Complaint, and for the reasons expressed herein, this matter will be dismissed without prejudice.

1

## COMPLAINT & ALLEGATIONS

Plaintiff has filed a "Civil Complaint for Injunction and Declaratory Judgment." Compl. at 1. He sues, in their official capacities, the Clerk and Deputy Clerk of the United States Supreme Court, the Chief Justice of the United States Supreme Court, and other Supreme Court Associate Justices. *Id.* at 1–2. Plaintiff is aggrieved that the Clerk and Deputy Clerk "erroneously designate [his] criminal case as a civil action." *Id.* at 3. More specifically, he contends that his "petitions for writ of certiorari concerning his criminal case . . . [were] intentionally mischaracterized as . . . [a civil] case, to deny him court access." *Id.* As a result, he contends that his Petitions were "erroneously returned" to him "without filing" and "absent any penological justifications." *Id.* Plaintiff's Petitions were apparently returned because "on October 13, 2015, the Clerk [of the Supreme Court] was directed to not accept any further petitions for [Plaintiff] in noncriminal matters unless the docketing fee required by [Supreme Court] Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1." *Id.*; *see also* Compl. Exhibits ("Exs."), ECF No. 1-1, at 3, 95.[1]

Plaintiff further contends that the Chief and Associate Justices are obligated to correct this purported "ONGOING denial of court access [that] is NOT reasonably related to a legitimate, neutral government interest." *Id.* at 4 (emphasis in original). He demands an injunction barring the Clerk and Deputy Clerk from "mischaracterizing [his] criminal related papers as if same are allegedly civil matters [and] to cease returning [his] papers aforesaid without proper filing absent valid reasons." *Id.* at 5–6. He also demands that the Supreme Court Justices "oversee" the Supreme Court Clerk's processing, characterization, and docketing of his submissions, and "ensure" that his rights are protected. *See id.* at 6. Finally, he seeks a declaratory judgment stating "that all acts and omissions

---

[1]  The Court references the ECF generated page numbers in citing to the Complaint Exhibits.

herein by all Defendants violate the applicable laws and equity." *Id.*

## DISCUSSION

This Court does not have jurisdiction to revisit determinations made by the Supreme Court and its staff. *See generally* 28 U.S.C. §§ 1331, 1332. For that very reason, Plaintiff cannot pursue equitable relief in this Court against these Defendants. "The Court can quickly dispatch with this request for [injunctive relief][;] although judicial immunity does not apply to requests for injunctive relief . . . the Court plainly lacks jurisdiction to compel official action by the U.S. Supreme Court justices or their staff." *Reddy v. O'Connor*, 520 F. Supp. 2d 124, 132 (D.D.C. 2007) (dismissing action against Supreme Court Justices and staff for want of jurisdiction, where plaintiff alleged that he was wronged by the court's failure to grant certiorari and sought to "compel official action" by and through injunctive and declaratory relief) (citation omitted). Likewise, "the D.C. Circuit has long held that this Court lacks subject-matter jurisdiction to issue the type of declaratory relief [that Plaintiff] seeks." *Fuller v. Harris*, 258 F. Supp. 3d 204, 207 (D.D.C. 2017) (dismissing action to compel the Supreme Court and its clerks, by way of declaratory judgment, to file plaintiff's petition for writ of certiorari, because this District lacked jurisdiction to compel officials of higher court to take action) (citing *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992); *Griffin v. Thompson*, 43 U.S. 244, 257 (1844)).

Indeed, the District of Columbia Circuit has consistently "held that the lower federal courts have no authority to compel the Clerk of the Supreme Court to take any action because 'supervisory responsibility' over the Clerk is 'exclusive to the Supreme Court.' " *Reddy*, 520 F. Supp. 2d at 132 (quoting *In re Marin*, 956 at 340). "This holding applies no less to the deputy clerk and the law clerks, based on the same principle of the Supreme Court's exclusive supervisory responsibility over its staff." *Id.* (citing *In re Marin*, 956 F.2d at 340; *Griffin v. Higgins*, No. 99–1576, 1999 WL 1029177, at *1 (D.D.C. June 18, 1999), *aff'd sub nom.*, *Griffin v. Apfel*, 203 F.3d 52, 1999 WL 963101 (D.C.

Cir. 1999)).

"Even less needs to be said to explain that a lower federal court" patently lacks the ability "to compel the justices of the Supreme Court to take any action." *Id.* at 132–33; *see In re Marin*, 956 F.2d at 340 (" '[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action.' ") (quoting *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979)); *Steele v. Supreme Court of U.S.*, 255 Fed. Appx. 534, 534–35 (per curiam) (finding same and affirming trial court's dismissal with prejudice of an action filed against the United States Supreme Court and its Clerk and staff); *In re Lewis*, No. 99–5015, 1999 WL 150347, at *1 (D.C. Cir. 1999) (per curiam) (same); *see also United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (dismissing case for want of subject matter jurisdiction where plaintiff filed suit against the Fourth Circuit in this District, after failing to "obtain relief in the state courts of the jurisdiction in which he resides, or in the federal courts where he resides, or in the Supreme Court of the United States[.]"), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).  Therefore, this Court lacks subject matter jurisdiction to issue either the injunction[2] or the declaratory judgment[3] that Plaintiff seeks.

---

[2]     Additionally, and assuming *arguendo* that this Court could exercise jurisdiction, "[t]he standard for issuance of the extraordinary and drastic remedy" of an injunction "is very high . . . and by now very well established." *RCM Techs., Inc. v. Beacon Hill Staffing Grp., LLC*, 502 F. Supp. 2d 70, 72–3 (D.D.C. 2007) (internal quotation marks and citation omitted). Such remedy should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis in original) (citation omitted).  Courts examine four primary factors in consideration of a permanent injunction, namely: "(1) the movant's showing of a substantial likelihood of success on the merits, (2) irreparable harm to the movant, (3) substantial harm to the nonmovant, and (4) public interest." *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009) (citation omitted).  Here, Plaintiff addresses none of the aforementioned factors, nor does he meet the tall burden.

[3]     Also, "the operation of the Declaratory Judgment Act is procedural only . . . and enlarges the

Even if this Court had such jurisdiction, it finds Plaintiff's substantive arguments to be unpersuasive. Plaintiff takes issue with the Supreme Court's characterization of his Petitions for Writs of Certiorari, arising from his habeas and mandamus actions in the lower federal courts, as criminal matters. *See* Compl. at 1, 4–5, 137; *see also* Compl. Exs. at 4 (same), 11–30 (Plaintiff's Petition for Writ of Certiorari in 28 U.S.C. § 2254 habeas action), 32–87 (submissions and determinations documenting Plaintiff's Applications for Writs of Habeas Corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the District of Florida, and subsequent appeals to the Eleventh Circuit), 102–127 (Plaintiff's Petition for Writ of Certiorari as to denial of writ of mandamus arising from 28 U.S.C. § 2254 Habeas Petition, and submissions in, and determinations from, the District of Florida and Eleventh Circuit regarding same).

Plaintiff is mistaken, however, because habeas actions, and these types of mandamus actions are, by nature, civil cases, regardless of whether or not the allegations constitute a challenge to his underlying criminal conviction and sentencing, or if the relief sought involves his release from custody. *See Ex parte Tom Tong*, 108 U.S. 556, 559–60 (1883) ("The writ of habeas corpus is the remedy which the law gives for the enforcement of the civil right of personal liberty. Resort to it sometimes becomes necessary, because of what is done to enforce laws for the punishment of crimes;

---

range of remedies but not federal courts' jurisdiction." *Trudel v. SunTrust Bank*, 223 F. Supp. 3d 71, 90–1 (D.C. Cir. 2016) (internal quotation marks and citation omitted). "The availability of a declaration as relief 'presupposes the existence of a judicially remediable right' that falls within federal jurisdiction." *Id.* at 91 (citing *Schilling v. Rogers*, 363 U.S. 666, 677 (1960)). Without having established jurisdiction over his underlying claims, Plaintiff may not invoke the Declaratory Judgment Act because it "is not an independent source of federal jurisdiction." *Schilling*, 363 U.S. at 677. "Accordingly, 'a request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred.'" *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 21–2 (D.D.C. 2014) (quoting *Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997)) (dismissing claims for injunctive relief and declaratory judgment where plaintiff sought to compel judicial defendants of a higher court "to refrain from retaliating, blocking, or otherwise obstructing [him] from filing his court documents.") (internal quotation marks omitted), *aff'd*, No. 14–5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015).

but the judicial proceeding under it is not to inquire into the criminal act which is complained of, but into the right to liberty notwithstanding the act.  Proceedings to enforce civil rights are civil proceedings" and a habeas action is a "civil proceeding, notwithstanding [that the] object is, by means of it, to get released from custody under a criminal prosecution."); *In re Guantanamo Bay Detainee Litigation*, 630 F. Supp. 2d 1, 9 (D.D.C. 2009) ("A petition for a writ of habeas corpus is a civil proceeding.") (citing *Fay v. Noia*, 372 U.S. 391, 423 (1963), *rev'd on other grounds*, *Wainwright v. Sykes*, 433 U.S. 72, 87–8 (1977)); *see also In re Grant*, 635 F.3d 1227, 1230–32 (D.C. Cir. 2011) (finding that a petition for writ of mandamus is civil in nature, where it arises from a matter in which plaintiff challenges the constitutionality and legitimacy of his underlying criminal proceedings); *Green v. Nottingham*, 90 F.3d 415, 416–18 (10th Cir. 1996) (finding matter to be a civil action where plaintiff sought a writ of mandamus relating to his pending habeas corpus action).

At root, Plaintiff is attempting to circumvent the Supreme Court's restriction on his ability to file civil matters IFP, more specifically, its requirement that he instead submit "the docketing fee required by [Supreme Court] Rule 38(a)" and that any of his "noncriminal matters" be "submitted in compliance with Rule 33.1." *See* Compl. at 3; *see also* Compl. Exs. at 3, 95.  Notably, Plaintiff argues that "[a]t all times [his] petitions were compliant with the U.S. Supreme Court Rule 33.1 and others." Compl. at 3.  But it is Rule 38 that is at issue here, not Rule 33.1, and at no time does Plaintiff indicate that he paid the docketing fee or otherwise complied with Rule 38, or with the Supreme Court's directives to comply with same.  Put simply, it appears that Plaintiff seeks to avoid the Supreme Court's IFP sanction by endeavoring to classify his Petitions —challenging determinations in actions sounded in habeas and mandamus— as criminal matters, which as noted, he may not do.

Moreover, Plaintiff has failed to state a claim insofar as he contends that he has been denied access to the court because of the Supreme Court's IFP sanction.  *See* Compl. at 3–5.  The Supreme Court is well within its authority to issue this precise type of sanction.  *See Martin v. D.C. Court of*

*Appeals*, 506 U.S. 1, 2–4 (1992) (per curiam) (explaining the Supreme Court's inherent authority to institute filing and IFP restrictions where litigants have filed repetitiously and/or frivolously, for either writs of certiorari or extraordinary writs, due to its "responsibility to see limited resources are allocated in a way that promotes the interests of justice") (quoting *In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam); citing *In re Sindram*, 498 U.S. 177, 180 (1991) (per curiam)); *see also Butler v. Dep't of of Justice*, 492 F.3d 440, 445–46 (D.C. Cir. 2007) (finding that a federal court's "authority to deny IFP status to a prisoner who has abused the privilege is clear" and does not impede right to access to the courts) (citing *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C. Cir. 2000) ("Leave to file a claim *in forma pauperis* has always been a matter of grace, a privilege granted in the court's discretion . . . and denied in the court's discretion when that privilege has been abused by filing claims or appeals that are frivolous or otherwise not taken in good faith.")).

## CONCLUSION

For all the foregoing reasons, Plaintiff's Complaint, ECF No. 1, is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting), and for failure to state a claim, *see Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that a *sua sponte* dismissal is proper for failure to state a claim pursuant to Fed. R Civ. P. 12(b)(6)). A separate Order accompanies this Memorandum Opinion.

_____/s/_____
EMMET G. SULLIVAN
*Senior United States District Judge*

DATE:  June 2, 2022